ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.

SEP 29 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 4 05-CV- 207-HLM |
| v. | COMPLAINT |
| BELLSOUTH TELECOMMUNICATIONS, | JURY TRIAL DEMANDED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Ms. Pasha Burge, who was adversely affected by such practices. As expressed in greater detail below, Ms. Burge was employed by BellSouth Telecommunications as a sales associate at Defendant's Rome, Georgia facilities and applied several times for the position of "branch sales coach". Respondent failed to promote Ms. Burge despite her tenure, experience and proven performance as a sales associate with Defendant. Instead, it promoted less qualified non-black employees in violation of Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant BellSouth Telecommunications ("Defendant") has continuously been a corporation doing business in the State of Georgia and the City of Rome, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b) (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Burge filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2004, Defendant engaged in unlawful employment practices at its Rome, Georgia facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § § 2000e-3(a), by denying Ms. Burge promotions to the position of branch sales coach.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Burge of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Burge.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Ms. Burge, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the promotion of Ms. Burge.

D.	Order Defendant to make whole Ms. Burge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.	Order Defendant to make whole Ms. Burge by providing compensation for non-pecuniary losses resulting from the unlawful employment

practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Ms. Burge punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

_____
S. Robert Royal
Regional Attorney
Georgia Bar No. 617505

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6812
Facsimile: (404) 562-6905