IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) BELLSOUTH TELECOMMUNICATIONS, ) ) Defendant. ) ) | Civil Action No. 4:05-CV-207-HLM |

## CONSENT DECREE

This action was instituted on September 29, 2005, by the Equal Employment Opportunity Commission (hereinafter, the "Commission" or "EEOC") against the Defendant BellSouth Telecommunications (hereinafter, the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. 1981a, to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

The Commission alleged in its Complaint that the Defendant acted unlawfully by failing to promote Pascha Burge (hereinafter "Burge") to the position of branch sales coach because of her race in violation of Title VII. In its Complaint, the Commission also sought make whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.

The Defendant filed its Answer on December 6, 2005. In its Answer, the Defendant denied that it violated Title VII as alleged by the Commission in its

Complaint. It also denied that the Commission and/or Ms. Burge should be awarded any relief in this matter.

The parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation, and desire to formulate a plan to be embodied in a Consent Decree which will continue to promote and effectuate the purposes of Title VII. This Court has jurisdiction of the subject matter of this action and of the parties to this action.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

### I. JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

### III. NON-RETALIATION PROVISION

The Defendant shall not retaliate against any person because that person is a

beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this lawsuit, the underlying charge of discrimination, or the Consent Decree. The Defendant shall not retaliate or take any adverse action against Pascha Burge in the future because she filed a charge of discrimination against the Defendant or otherwise participated in the equal employment opportunity process.

## IV. INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Consent Decree, the Defendant shall certify, in writing, to the Commission that all supervisory personnel assigned to Defendant's Rome, Georgia Small Business Services Center have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that the Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.

## V. TRAINING

The Defendant shall during the term of this Consent Decree, hold at least one training session, to be attended by supervisory personnel (managers and supervisors) assigned to Defendant's Rome, Georgia Small Business Services Center, on their rights and obligations arising under Title VII, including, but not limited to, the Defendant's obligations to comply with Title VII when making promotion decisions.

The Defendant shall provide written certification to the Commission of the completion of this training within thirty (30) days after completion. The certification notice shall include the name(s) and qualifications of the person(s) providing instruction and the names and job titles of the attendees.

All written notice and certification required by this Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney (hereinafter the "Regional Attorney"), Atlanta District Office, 100 Alabama Street, Suite 4R30,

Atlanta, Georgia 30303.

## VI.   REPORTING REQUIREMENT

Every six months during the duration of this Consent Decree, the Defendant shall certify in writing to the Regional Attorney whether any African-American employee at its Rome, Georgia Small Business Services Center has complained to management that s/he was denied a promotion because of her race. If an employee has so complained, then the summary report shall state in writing the following:

(a) The date of the complaint,

(b) The nature of the complaint,

(c) The name and title of the Defendant official(s) who received the complaint,

(d) What action, if any, was taken by the Defendant in response to the complaint, and

(e) Whether the complaint was resolved by Defendant.

The required report shall be addressed and forwarded to the Regional Attorney at the above-referenced address.

## VII. NOTICES TO BE POSTED

The Defendant shall post at its Rome, Georgia facility the Notice attached hereto as Exhibit A for eighteen (18) calendar months immediately following the Court's entry of this Consent Decree. The posting required by this paragraph shall

be conspicuously made in the employee work area(s) at Defendant's Rome, Georgia Small Business Services Center, so that each employee of the facility will observe at least one such posting when at that Center. The Defendant shall certify the completion of the posting within thirty (30) days from the entry of this Consent Decree.

The Commission shall be allowed to enter upon the Defendant's Rome, Georgia Small Business Services Center to confirm Defendant's compliance with this Section VII of the Consent Decree. The Commission shall provide Defendant with 10 calendar days notice prior to its entry upon the premise. Should the Notice become defaced, marred, or otherwise unreadable, the Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) business days after learning of the defacement, etc.

## VIII. CHARGING PARTY'S INDIVIDUAL RELIEF

The Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall issue a check made payable to Pascha Burge in the amount of $26,700 less withholding by Defendant of federal, state and local taxes, within ten (10) days of the entry of the Consent Decree. A check will be forwarded to Ms. Burge by overnight delivery at her place of residence at 322 Greenwood Ave., Rome GA 30165. Within five (5) working days of issuing the check to Ms. Burge, the Defendant will mail a copy of the check to the Regional Attorney at the above-

referenced address.

## IX. TERM OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of eighteen (18) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration, and provided that all required reports and certifications are submitted prior to the expiration date of the Consent Decree. If the remedial benefits are not received or offered as agreed in the Consent Decree, or if the required reports are not submitted prior to the expiration date of the Consent Decree, the duration of the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of enforcing this Consent Decree, for eighteen (18) calendar months from the date of entry of this Consent Decree, unless the Court acts, or the Commission has, prior to the expiration of said eighteen (18) month period, moved to enforce compliance with the Consent Decree. If the Court acts, or the Commission has moved to enforce compliance with this Consent Decree within this period, the Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the eighteen month (18) month period have

been resolved.

## X. COMPLIANCE OFFICIAL

The Defendant has designated Paula Jackson, Director-Human Resources, as the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with the Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing the Defendant's compliance with the specific terms of the Consent Decree during the term of the Consent Decree.

## XI. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal consultation before seeking enforcement through the judicial process. The Commission will notify, by first class mail and facsimile, Paula Jackson, Defendant's Compliance Official, or other designee if it has any reason to believe that any action or omission by the Defendant is in violation of the Consent Decree. The Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney, of the measures taken to cure the alleged deficiencies.

If upon receipt of the Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Notwithstanding any of the foregoing, nothing in this agreement shall be

deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section XI, from being fully and completely processed in the manner described in Section XI, even though the dispute is not resolved within thirty (30) days of the termination of this Consent Decree.

## XII.  OTHER ACTIONS

The Commission shall not commence or prosecute against the Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Ms. Burge's claims that she was denied a promotion to the branch sales coach position by the Defendant in violation of Title VII, as embodied in EEOC Charge Number 110-2004-04699, which was filed with, and investigated by, the EEOC's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against the Defendant in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIII.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs and attorneys' fees for this action. The parties hereto and the undersigned attorneys of record for the parties hereby, consent to the entry of the foregoing Consent Decree.

BY CONSENT:

For Plaintiff:

s/Robert K. Dawkins
Robert K. Dawkins, Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818

For Defendant:

s/Sheldon W. Snipe
Sheldon W. Snipe
Georgia Bar No. 665790
BELLSOUTH TELECOMMUNICATIONS, INC.
1155 Peachtree Street
Suite 1800
Atlanta, Georgia 30309
(404) 249-5120

APPROVED and SIGNED this ___ day of _____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

[Either EEOC or Defendant letterhead]

<u>N O T I C E</u>

1. This notice is being posted as part of the remedy agreed to between BellSouth Telecommunications, Inc. and the Equal Employment Opportunity Commission in a Consent Decree filed in the United States Federal District Court for the Northern District of Georgia, Rome Division, (Civil Action No. 4:05-CV-207-HLM).

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. Federal Law also requires, in general, that an employer not retaliate or take any adverse action against an individual because s/he opposed practices that s/he believed were in violation of Title VII or filed charges of discrimination or otherwise participated in the equal employment opportunity process.

4. BellSouth supports and will continue to comply with such Federal Law in all respects and will not take any action against an employee because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

5. BellSouth has taken and will continue such remedial action as is required by the Consent Decree entered by the United States District Court, including the posting of this notice. The Consent Decree does not constitute a finding of liability against BellSouth.

6. This notice will remain posted for eighteen (18) months, until _____, 200___.

Signed this _____ day of _____, 2006.

_____
_____ for
BellSouth Telecommunications, Inc.

**DO NOT REMOVE THIS NOTICE UNTIL**

*<INSERT DATE>*